Filed 9/4/20  P. v. Paulk CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DENI LAMONT PAULK, JR.,<br><br>        Defendant and Appellant. | E075129<br><br>(Super.Ct.No. FSB040026)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  Affirmed.

Deni Lamont Paulk, Jr., in pro. per., and Allison H. Ting, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant, Deni Lamont Paulk, Jr., filed a petition for resentencing pursuant to Penal Code section 1170.95,[1] which the court denied. After defense counsel filed a notice of appeal, this court appointed counsel to represent defendant.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and identifying three potentially arguable issues: (1) whether the court erred by relying on this court's nonpublished opinion in *People v. Paulk* (Jan. 4, 2005, E035748) in finding that defendant was the actual killer; (2) whether defense counsel rendered constitutionally ineffective assistance of counsel; and (3) whether the court denied defendant's purported constitutional right to appear at the hearing on his petition.

Defendant was offered the opportunity to file a personal supplemental brief, which he has done. Defendant contends the court erred in relying on the purported hearsay evidence of this court's prior opinion, in failing to provide him the opportunity to present evidence contesting the characterization of facts contained in that opinion, and in conflating its duty to determine whether defendant had presented a prima facie case with its obligation to rule on the merits of the petition. Defendant additionally maintains he was deprived of effective assistance of counsel on appeal. We affirm.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

As pertinent to the issues raised by defendant, Ardy Thompson testified at defendant's trial that he saw defendant fire a small black nine-millimeter or .44 Ruger semiautomatic handgun with a laser sight from the driver's seat across his passenger. Thompson heard seven or eight gunshots. He described the shooting as follows: "[Defendant] took his time, because he had a beam on him. He was aiming real good. He had the red—the light. Just pow, pow, pow. Took his time." (*People v. Paulk*, *supra*, E035748.)

The victim screamed, "Help me. Help me." (*People v. Paulk*, *supra*, E035748.) Another witness testified the victim told him that defendant shot him. The first officer to arrive at the scene testified the victim told Thompson, "'This is it homey. This is it. I am going.'" (*Ibid*.) The victim died within minutes of the shooting from injuries caused by multiple gunshots—the pathologist identified nine or 10 separate entry wounds and a number of exit wounds. (*Ibid*.)

"A jury found defendant guilty of first degree murder (Pen. Code, § 189) and found true the special allegations that defendant committed the crime for the benefit of a criminal street gang and that he personally and intentionally used a firearm causing death (§§ 186.22, subd. (b) & 12022.53, subd. (d)). The court sentenced him to an indeterminate term of 25 years to life for the murder with a consecutive firearm use

---

[2] We take judicial notice of the nonpublished opinion in *People v. Paulk*, *supra*, E035748, from defendant's appeal from the original judgment. (Evid. Code, §§ 452, subd. (d), 459.) We derive most of our factual recitation from the opinion in that case.

enhancement of 25 years to life, and a consecutive determinate term of 10 years for the gang enhancement." (*People v. Paulk*, *supra*, E035748, fn. omitted.)

On appeal from the judgment, defendant contended, in part, that the trial court erred in refusing to instruct the jury on second degree murder because it was a necessarily included offense of first degree murder, and the trial court had a sua sponte duty to instruct the jury on all lesser, necessarily included offenses supported by substantial evidence. (*People v. Paulk*, *supra*, E035748.)

In affirming the judgment, this court reasoned as follows: "'Here, there was no evidence that defendant did not shoot at the victim or that he did not intend to kill. Using a semiautomatic weapon with a laser scope, he fired multiple shots, of which at least nine struck [the victim], from a distance of only a few feet. Thompson testified that defendant took his time and aimed deliberately (although other witnesses testified that the shots were fired rapidly). The pathologist who conducted the autopsy testified that the pattern of bullet wounds was consistent with [the victim] having been struck by several bullets while seated in the back of the car and then having been struck by additional bullets in the back when turning away and trying to get out of the car. Given this evidence, no reasonable jury could have concluded that defendant did not intentionally shoot at [the victim] or that he did not intend to kill [the victim]. Rather, in finding the firearm use enhancement true, the jury expressly found that defendant 'personally and intentionally discharged a firearm . . . .'" (*People v. Paulk*, *supra*, E035748.)

4

Defendant also contended the court erred in admitting the victim's statement to a witness that defendant had shot the victim. (*People v. Paulk*, *supra*, E035748.) This court held that the trial court did not err in admitting the victim's statement under the dying declaration exception to the hearsay rule, and defendant had forfeited any error that the statement was erroneously admitted as multiple hearsay. (*Ibid*.)

On November 18, 2019, defendant filed a petition for resentencing pursuant to section 1170.95. On January 17, 2020, the People filed a motion to strike defendant's petition.

At a hearing on March 13, 2020, defendant was represented by counsel who noted "I have directions . . . to submit on the defendant's petition and ask for an OSC for the filing of the petition itself and submit to the Court." The People asked that the court deny the petition "on the facts outlined in the People's motion as well as the appellate decision that shows the defendant is the actual killer." The court denied the petition finding the petition failed to state a prima facie case as "defendant is clearly the actual killer based on the jury findings from the case."

## II. DISCUSSION

Defendant contends the court erred in relying on purported "hearsay" evidence in this court's prior opinion, in failing to provide him the opportunity to present evidence contesting the characterization of facts contained in that opinion, and in conflating its duty to determine whether defendant had presented a prima facie case with its obligation to rule on the merits of the petition. Defendant also contends his appellate counsel rendered constitutionally ineffective assistance of counsel. We disagree.

5

First, numerous courts have already held that in determining the sufficiency of a section 1170.95 petition, the court may review the record of conviction, including the opinion from a defendant's direct appeal of the judgment. (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1134, 1138, review granted Mar. 18, 2020, S260598; accord *People v. Verdugo* (2020) 44 Cal.App.5th 320, 328, review granted Mar. 18, 2020, S260493; *People v. Law* (2020) 48 Cal.App.5th 811, 820-821, review granted July 8, 2020, S262490; *People v. Gomez* (2020) 52 Cal.App.5th 1, 10; *People v. Galvan* (2020) 52 Cal.App.5th 1134.)

Second, the court in *People v. Woodell* (1998) 17 Cal.4th 448 held that "the appellate opinion itself, representing the action of a court, clearly comes within the exception to the hearsay rule for official records." (*Id*. at p. 458.) Nevertheless, the court noted that the "fact that a court may judicially notice an opinion under Evidence Code section 452 or admit it into evidence under the official record exception to the hearsay rule (Evid.Code, § 1280) . . . does not mean that all hearsay statements within the opinion are also admissible or noticeable." (*Ibid*.) However, where the question is whether a defendant's conviction was based upon personal or vicarious conduct, the opinion is admissible to show what issue the jury had to resolve in finding defendant guilty. (*Id*. at p. 460.) Likewise, where the statements from the opinion are nonhearsay or come within an exception to the hearsay rule, they are also properly relied upon. (*Ibid*.)

Here, the fact that the jury found defendant, the sole individual charged and implicated at trial, guilty of first degree murder and found true an allegation that he personally used a firearm causing death were admissible. (*People v. Woodell*, *supra*, 17 Cal.4th at pp. 459-461 [Looking at an opinion to determine the basis of a conviction is a nonhearsay purpose.].) Thus, the trial court properly determined that defendant was prima facie ineligible for section 1170.95 relief as a matter of law because he was the actual killer based upon his personal conduct as evidenced by the jury's findings preserved in the opinion. (*People v. Tarkington* (2020) 49 Cal.App.5th 892, 899, review granted Aug. 12, 2020, S263219 [Where the record reflected the murder involved a single perpetrator, and the defendant personally used a weapon, the record showed, as a matter of law, that the defendant was the actual killer and, therefore, was not entitled to section 1170.95 relief.].)

Moreover, the testimonies of Thompson, the officer, and the other witness come within the former-testimony exception to the hearsay rule. (*People v. Woodell*, *supra*, 17 Cal.4th at p. 458.) The opinion's recitation of their testimonies comes within the official records exception to the hearsay rule. (*Ibid*.) Thus, the court acted appropriately in relying on their testimonies, as preserved in this court's opinion from the judgment, that defendant was the actual killer. (See *People v. Guilford* (2014) 228 Cal.App.4th 651, 661 [Even to the extent that a prior appellate opinion could be viewed as hearsay, it would be admissible and sufficiently reliable in "proceedings where a defendant's due process rights are less than those at the initial criminal proceeding."].) The court properly

determined, as a matter of law, that defendant was prima facie ineligible for section 1170.95 relief.

Third, defendant's contention that he should have been allowed to personally appear at the court's hearing on his petition fails because the court was only rendering a prima facie determination of eligibility, not conducting an evidentiary hearing. (See *People v. Tarkington*, *supra*, 49 Cal.App.5th at pp. 900-901 [defendant not entitled to appointment of counsel at prima facie eligibility stage of § 1170.95 proceedings]; *People v. Fedalizo* (2016) 246 Cal.App.4th 98, 109 [There is no such "constitutional or statutory right to be present to address purely legal questions or where [the defendant's] 'presence would not contribute to the fairness of the proceeding.'"].)

Finally, insofar as defendant contends he should be allowed to relitigate his case to demonstrate that he was not the actual killer or a major participant acting with reckless indifference to human life, his remedy is the filing of a petition for habeas corpus. (*People v. Gomez*, *supra*, 52 Cal.App.5th at p. 10; *People v. Galvan*, *supra*, 52 Cal.App.5th 1134.)[3]

---

[3] Defendant's contention that his appellate counsel rendered constitutionally ineffective assistance is based on defendant's assertion that counsel failed to raise the issues defendant raises in his supplemental brief. Since we have addressed why these contentions lack merit, we necessarily hold that counsel did not render prejudicial assistance of counsel. Defendant also maintains his appellate counsel was ineffective for failing to address the constitutionality of Senate Bill No. 1437 (2017-2018 Reg. Sess.); however, the court did not base its ruling on the constitutionality of Senate Bill No. 1437. Thus, the issue is a moot point under the facts of this case.

## III.  DISPOSITION

The order denying defendant's petition for resentencing pursuant to section 1170.95 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
                                                                    J.

We concur:


RAMIREZ
            P. J.


FIELDS
            J.


9